UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN THE MATTER OF:            )
                             )
FRED R. HAINS,               )
                             )
    Plaintiff-Appellant      )
                             )
        vs.                  )    CAUSE NO. 3:04-CV-721 RM
                             )
CARL EVERETT YOUNG, JR.,     )
                             )
    Defendant-Appellee       )

OPINION AND ORDER

The issue before the court in this appeal involves application of 11 U.S.C. § 523(a)(5), which provides that a debtor's discharge from bankruptcy doesn't extend to any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . . ." Fred R. Hains appeals the decision of the United States Bankruptcy Court for the Northern District of Indiana that the debt he challenged does not qualify as a non-dischargeable debt under § 523(a)(5). This court has jurisdiction over Mr. Hains's appeal pursuant to 28 U.S.C. § 158(a).

*I. Standard of Review*

A bankruptcy court's legal conclusions are reviewed *de novo,* and its findings of fact may only be set aside if they are found to be clearly erroneous. In re Heartland Steel, Inc., 389 F.3d 741, 743-744 (7th Cir. 2004); Village of San Jose v. McWilliams, 284 F.3d 785, 790 (7th Cir. 2002). Review under the clearly erroneous standard is "significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (*quoting* United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). That the district court might have weighed the evidence differently as the trier of fact is not sufficient to set aside the bankruptcy court's order if that court's account of the evidence is plausible in light of the record as a whole. Anderson v. City of Bessemer City, 470 U.S. at 573-74. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574.

*II. Discussion*

Mr. Hains's version of the underlying facts and proceedings is undisputed. Mr. Hains represented Ernestina Young in her dissolution proceedings against Carl Young (appellee in today's case) in the St. Joseph Superior Court. The

2

dissolution decree entered by Superior Court Judge Michael P. Scopelitis on December 10, 2003, provided in pertinent part as follows:

> Pursuant to [IND. CODE §] 31-15-10-1 and taking into consideration the relative earning ability of each party and the division of the marital estate, Husband should contribute $5,760 toward the payment of Wife's attorney fees and $775 toward the payment of expert witness fees incurred by Wife during the course of this dissolution of marriage action.

Appellant Exh. 1, ¶ 22.

Mr. Young made some payments towards the attorney fee obligation, but hadn't paid the total amount due by February 25, 2004 when he filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Indiana (Adversary Proceeding No. 04-03060). On June 11, Mr. Hains filed his complaint in the bankruptcy action seeking a determination of the dischargeability of the debt owed to him by Mr. Young.

Trial on Mr. Hains's complaint was held on October 19. At the conclusion of the trial, the court stated, in pertinent part, as follows:

> The issue is whether the specific attorney fees of Mr. Hains . . . are not dischargeable in this bankruptcy pursuant to Title 11 of the United States Code, Section 523(a)(5) and that paragraph edited a little bit here says that a discharge in a Chapter 7 case does not discharge an individual debtor on any debts to a spouse, former spouse or child of the debtor for alimony, maintenance or support of such spouse or child.
> . . . Looking at the exhibits, the first exhibit . . . is the dissolution decree. And reading through that, there is no recitation in that decree of any maintenance or support or alimony with regard to the former Mrs. Young. There is a mention in there of support for the children of the marriage, various expenses and tuition and things such as that. But as far as this bankruptcy judge knows, the debtor, Mr. Young, is not seeking to discharge his child support obligations.

3

>    Now, attorney fees for Mr. Hains are mentioned in the decree and findings and in the decree itself. . . .
>    Moving on to Exhibit Two, which is the itemization of fees for Mr. Hains – the bankruptcy court is unable to determine from that exhibit what portions of Mr. Hains' fees relate to maintenance or alimony or support because it's a very – the individual entries for the various dates are very curt and short and don't give any detail.
>    I mean, when it says "letter to client" or "review of order," "conference with client," there's no indication whether those services were rendered with regard to just getting the divorce or to the award of maintenance, alimony, or support. But even if the itemization was more specific, the bankruptcy courts are taught by the 7th Circuit to be very strict in interpreting and applying 523(a)(5). . . . And what I'm faced with here . . . [is a debt] owed to Mr. Hains for his attorney fees . . . . And [that debt] – let me strictly read the statute – is [not] owed to the debtor's spouse, former spouse or child. Therefore, based upon this Platter decision and upon a strict interpretation of the statute, the [debt to Mr. Hains] fall[s] outside the scope of 523(a)(5) . . . . I don't see any other conclusion that the court can come to.

Tr. of Oct. 19, 2004 Proceedings, at 46-49. The bankruptcy court entered a written order the next day stating that, "For the reasons stated in open court, the complaint is found to be outside the scope of 11 U.S.C. § 523(a)(5), and therefore is denied."

Mr. Hains maintains the bankruptcy court erred in its conclusion that the debt Mr. Young owed him is dischargeable and outside the scope of § 523(a)(5). Mr. Hains says the reason for the denial of his complaint – that he wasn't the "spouse, former spouse, or child" of Mr. Young – was incomplete. Mr. Hains argues that the court should have addressed the additional issue of whether the debt owed to him by Mr. Young was for the "support of" Ernestina Young. According to Mr. Hains, the fee award was a form of support for Mr. Young's former spouse, rendering the debt not dischargeable, and the evidence of the

4

disparate income and earning potential of the Youngs, together with the state court's requirement that Mr. Young pay his former wife's fees "because of their financial situations," sufficed to support a finding that the attorney fee debt was in the nature of support.

The court can't agree with Mr. Hains's claim that the bankruptcy court's reasons for denying his complaint were incomplete. While the bankruptcy court did conclude that the debt owed to Mr. Hains wasn't one owed to "the debtor's spouse, former spouse or child," Tr., at 48, the court examined the issue of the debt as a form of support, as well. The court first concluded that the dissolution decree contained no reference to "any maintenance or support or alimony to the former Mrs. Young" that might qualify the debt as non-dischargeable under § 523(a)(5), Tr., at 47 and then, based on an examination of Trial Exhibit Two (Mr. Hains's fee statement), concluded that it was "unable to determine from that exhibit what portions of Mr. Hains' fees relate to maintenance or alimony or support because it's a very – the individual entries for the various dates are very curt and short and don't give any detail." Tr., at 48. The record shows that the bankruptcy court examined the issue and determined that the evidence didn't support a finding that the attorney fee order qualified as a form of maintenance or support. The bankruptcy court's findings in this regard are not clearly erroneous.

Mr. Hains also argues that the evidence was sufficient to show that the fee order was intended to be support. Even though the exception to discharge found

5

in § 523(a)(5) is to be construed "more liberally than other § 523 exceptions," <u>In re Crosswhite</u>, 148 F.3d 879, 882 (7th Cir. 1998), because the "unquestionable purpose of § 523(a)(5) is to ensure that spouses, former spouses, and children receive support even though a support provider has declared bankruptcy," <u>Eden v. Robert A. Chapski, Ltd.</u>, 405 F.3d 582, 587 n.1 (7th Cir. 2005) (*quoting* <u>In re Platter</u>, 140 F.3d 676, 683 (7th Cir. 1998)), the burden of proving that a debt is not dischargeable is on Mr. Hains, as the party claiming an exception to discharge. <u>In re Crosswhite</u>, 148 F.3d at 881; *see also* <u>Grogan v. Grogan</u>, 498 U.S. 279, 291 (1991) ("we hold that the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard").

Mr. Hains claims paragraph 22 of the dissolution decree demonstrates that the attorney fee order was intended to be in the nature of support. In determining whether an obligation is intended as support and maintenance or an equalization of property rights, the court must look to the substance of the obligation. <u>In re Woods</u>, 561 F.2d 27, 29 (7th Cir. 1977); *see also* <u>In re Sparks</u>, 206 B.R. 481, 485 (Bankr. N.D. Ill. 1997) ("The ultimate inquiry is whether the parties intended to provide support."). Paragraph 22 of the Youngs' dissolution decree says the state court determined, based on its consideration of the "relative earning ability of each party and the division of the marital estate," that Mr. Young should contribute towards the attorney fees and expert expenses incurred by Mrs. Young "during the course of this dissolution of marriage action." Paragraph 22 doesn't mention

6

support or maintenance for Mrs. Young. Paragraph 23 addresses the court's reasons for what it refers to as "the foregoing division of the marital estate." Paragraph 24 specifically provides that Mrs. Young "does not qualify for" spousal maintenance.

The state court's allocation of Mr. Hains' attorney fees between Mr. and Mrs. Young was included in the section of the decree relating to the division of the parties' assets and liabilities; the court's examination of the relative earning ability of the parties was done in connection with that division; and the court specifically stated that Mrs. Young didn't qualify for maintenance or support. While the dissolution decree doesn't conclusively state the intent of the court or the parties relating to the fee obligation, Mr. Hains hasn't carried his burden of presenting evidence sufficient to establish that the attorney fee order was intended to be in the nature of support or maintenance. *See* In re Reines, 142 F.3d 970, 973 (7th Cir. 1998) ("categorizing a marital debt as maintenance in the absence of an expression of intent is not the default position").

### III. Conclusion

The record supports the bankruptcy court's findings and its conclusion that the relief sought by Mr. Hains falls outside the scope of 11 U.S.C. § 523(a)(5). Accordingly, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED.

ENTERED:   July 18, 2005

7

                                       /s/ Robert L. Miller, Jr.
                                       Chief Judge
                                       United States District Court

cc:    Hon. Harry C. Dees
        P. Yarbro